UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARIBEL XIRUM, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:22-cv-00801-TWP-KMB |
| ) | |
| U.S. IMMIGRATION AND CUSTOMS ) | |
| ENFORCEMENT (ICE), et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER REGARDING MOTIONS TO MAINTAIN DOCUMENTS UNDER SEAL**

Currently pending before the Court are two Motions to Maintain Documents Under Seal in this case. [Dkts. 103; 111.] For the reasons detailed below, the Court **GRANTS IN PART and DENIES IN PART** Plaintiffs' Motion to Maintain Documents Under Seal, [dkt. 103], and **GRANTS** Defendants' Motion to Maintain Documents Under Seal, [dkt. 111].

**I.     RELEVANT BACKGROUND**

Plaintiffs Maribel Xirum, Javier Jaimes, and Baijebo Toe ("Plaintiffs") are noncitizens who are or were detained at the Clay County Jail in Brazil, Indiana (the "Jail") pursuant to an Intergovernmental Service Agreement (the "Agreement") between U.S. Immigration and Customs Enforcement ("ICE") and Clay County. Plaintiffs initiated this action challenging ICE's authority to continue detaining them at the Jail pursuant to the Agreement, ICE's authority to continue paying federal funds to Clay County for the detention of noncitizens, and Clay County's discretion to use the federal funds for purposes other than the care and safekeeping of noncitizens. Plaintiffs filed a Class Action Complaint seeking a variety of declaratory and injunctive relief that all serve to stop ICE from continuing to house detainees at the Jail and to prevent ICE from paying any more

federal detention funds to Clay County.[1]  Two Motions to Maintain Documents Under Seal are currently pending before the Court regarding Plaintiffs' Memorandum of Law in Support of Motion for Class Certification and Clay County Defendants' Memorandum in Opposition to Plaintiffs' Motion for Class Certification, as well as various supporting exhibits.  [Dkts. 103; 111.]

## II.   APPLICABLE STANDARD

When documents are used in a court proceeding to decide the merits of a party's claims, they are presumptively "'open to public inspection unless they meet the definition of trade secret or other categories of bona fide long-term confidentiality.'"  *Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009) (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)).  A showing of good cause is required to seal any portion of the record of a case from the public.  *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999).  Good cause to seal confidential information may exist when the confidential material is non-dispositive or where documents contain trade secrets or other categories of sensitive confidential information.  *Baxter*, 297 F.3d at 545-46.  That said, materials that "'influence or underpin'" a decision by the Court are presumptively open to public inspection.  *Bond*, 585 F.3d at 1075 (quoting *Baxter*, 297 F.3d at 545).

Certain categories of information are required to be sealed by statute or are appropriately sealed at the court's discretion.  For instance, documents that contain "the name of, or other information relating to" a detainee "shall not be public records."  8 C.F.R. § 236.6.  Information regarding an individual's Social Security number or date of birth should be redacted, as may other personal and sensitive information such as information regarding an individual's medical history.

---

[1] The Court recently granted in part and denied in part Defendants' Motions to Dismiss.  [Dkt. 116.]  Plaintiffs will accordingly be filing an amended complaint by May 19, 2023.  [Dkt. 122.]

2

*See, e.g.*, Fed. R. Civ. P. 5.2(a); *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (finding that the presumption of public access can be rebutted "if there are compelling reasons of personal privacy"); *United States v. Edwards*, 672 F.2d 1289, 1293 (7th Cir. 1982) (courts may consider whether the information would gratify private spite or promote public scandal); *Doe 1 v. NorthShore Univ. HealthSystem*, 2021 WL 5578790, at *9-10 (N.D. Ill. Nov. 30, 2021) (noting that medical information and other privacy concerns sufficiently overcame the strong presumption of public access).  Courts have further found that it is appropriate in certain circumstances to keep the identity or personal information about law enforcement officials out of the public record, particularly when a countervailing public interest in disclosure has not been identified.  *See Lamb v. Millennium Challenge Corp.*, 334 F. Supp. 3d 204, 216–17 (D.D.C. 2018) (under the Freedom of Information Act, "government investigators and employees 'have a legitimate interest in preserving the secrecy of matters that conceivably could subject them to annoyance or harassment in either their official or private lives'" (quoting *Lesar v. United States Dep't of Justice*, 636 F.2d 472, 487 (D.C. Cir. 1980))).

### III. DISCUSSION

The first Motion to Maintain Documents Under Seal, [dkt. 103], concerns Plaintiffs' Memorandum of Law in Support of Motion for Class Certification and a number of supporting exhibits containing information that the Parties had designated as "Confidential" pursuant to the Uniform Stipulated Protective Order.  [Dkts. 102; 103 (identifying Exhibits 1, 3, 4, 6, 7, 8, 9, 10, 11, 12, 22, 24, 25, 26, 27, 28, 31, 33, 35, and 36).]  Plaintiffs sought to maintain their unredacted Memorandum and the identified exhibits under seal until the designating Parties had an opportunity to address why those documents should (or should not) remain under seal or be appropriately redacted.  [Dkt. 103 at 1.]

In response, the Federal Defendants[2] request that the unredacted versions of Exhibits 3, 4, 6, 7, 8, 9, 22, 31, 33, 35, and 36 be maintained under seal, and have publicly filed narrowly redacted versions of the same. [Dkts. 105 at 1-4; 105-2; 105-3; 105-4; 105-5; 105-6; 105-7; 105-8; 105-9; 105-10; 105-11; 105-12.] The Federal Defendants seek to maintain two narrow categories of information under seal: "(1) the names and other personally identifying information of non-citizen ICE detainees" and "(2) the names and contact information of ICE employees." [Dkt. 105 at 3.] The Clay County Defendants[3] take no position as to whether the documents should be sealed or redacted but do not oppose any such request by Plaintiffs or the Federal Defendants. [Dkt. 104 at 3-4.]

In reply, Plaintiffs agree with the Federal Defendants' proposal for addressing Exhibits 3, 4, 6, 7, 8, 9, 22, 31, 33, 35, and 36. [Dkt. 106 at 2.] In addition, Plaintiffs propose redacted

---

[2] "Federal Defendants" refers to Defendants U.S. Immigration and Customs Enforcement (ICE), U.S. Department of Homeland Security (DHS), Alejandro Mayorkas (under the title of Secretary of DHS), Tae Johnson (under the title of Acting Director of ICE), Monica S. Burke (under the title of ICE Acting Assistant Director of Custody Management), Ricardo A. Wong (under the title of ICE Deputy Assistant Director, Oversight Compliance and Acquisition Division), Sylvie Renda (under the title of Acting Field Office Director of the ICE Chicago Field Office), Travis Graham (under the title of ICE Officer), Angelina Ramos (under the title of ICE Officer), and Virginia Sutter (under the title of ICE Officer).

[3] "Clay County Defendants" refers to Defendants Clay County, Indiana, Clay County Council, Clay County Sheriff's Office, Paul B. Harden (under the title of Clay County Sheriff), Jackie Mitchell (under the title of Clay County Council Member), Jason Britton (under the title of Clay County Council Member), Jason Thomas (under the title of Clay County Council Member), Larry J. Moss (under the title of Clay County Council Member), John Nicoson (under the title of Clay County Council Member), David Amerman (under the title of Clay County Council Member), Patricia Heffner (under the title of Clay County Council Member), Bryan Allender (under the title of Clay County Commissioner), Marty Heffner (under the title of Clay County Commissioner), Paul Sinders (under the title of President of the Clay County Board of Commissioner), Elizabeth Hughett (under the title of Clay County Sergeants and ICE Contract Coordinator), David Parker (under the title of Clay County Sergeants and ICE Contract Coordinator), Jase Glassburn (under the title of Clay County Sergeants and ICE Contract Coordinator), Jennifer M. Flatner (under the title of Clay County Auditor), and Debra James (under the title of Clay County Treasurer).

versions of Exhibits 25, 26, and 27 that exclude Plaintiffs' Social Security numbers and dates of birth. [*Id.* at 3.] Plaintiffs note and agree with the Federal Defendants' agreement to unseal Exhibits 11 and 24, and because no Party sought to maintain Plaintiffs' unredacted Memorandum or Exhibits 1, 10, 12, or 28 under seal, Plaintiffs request that they be unsealed as well. [*Id.* at 2-3.]

The Second Motion to Maintain Documents Under Seal, [dkt. 111], was filed by the Clay County Defendants and requests that the unredacted version of their Memorandum in Opposition to Plaintiffs' Motion for Class Certification and certain supporting exhibits (namely, Exhibits 9, 10, and 11) be maintained under seal at Plaintiffs' request. The Clay County Defendants have filed a minimally redacted version of their Memorandum excluding the information referencing those exhibits. [Dkts. 109 (public version); 110 (sealed version).]

Plaintiffs in turn filed a supporting brief, asking that the exhibits and unredacted Memorandum remain under seal as the information is not relevant to class certification nor cited by the Clay County Defendants in support of their arguments against class certification. [Dkt. 118 at 1.] The exhibits, cited by the Clay County Defendants only in the background section of their Memorandum, include "risk assessments" prepared by ICE for each Plaintiff. [*Id.* at 2.] As the information Plaintiffs seek to seal is not relevant to the merits of the Parties' class certification arguments, Plaintiffs argue that the presumption to public access does not apply. [*Id.* at 3-4.] Plaintiffs further argue that even if the presumption were to apply, it would be overcome because the exhibits contain sensitive information about Plaintiffs, including certain medical information and personal identifying information. [*Id.* at 4-5.] Plaintiffs' counsel represents that counsel for the Federal Defendants and Clay County Defendants do not object to the documents remaining

under seal. [*Id.* at 3.] Plaintiffs do not propose redacted versions of these exhibits because they "consist solely of either sensitive personal information or ICE's risk classifications." [*Id.* at 6.]

The Court agrees with the Parties that there is good cause for the unredacted versions of the various exhibits and the Clay County Defendants' Memorandum in Opposition to Plaintiffs' Motion for Class Certification to remain under seal. Though the Motions concern a number of documents, the information the Parties seek to redact or seal—namely personal information about Plaintiffs and other non-citizen detainees and names and contact information of government officials—is not relevant to the Parties' arguments concerning class certification and therefore is not subject to the presumption of public disclosure. *See Baxter*, 297 F.3d at 545.

Further, the Parties have already filed publicly available versions of almost all the documents they request remain under seal, which contain minimal and thoughtful redactions. The only three documents the Parties ask to remain fully sealed, [dkts. 110-1; 110-2; 110-3], are cited in the "background" section of the Clay County Defendants' Memorandum but do not contain information relevant to the question of class certification. Further, this information regarding Plaintiffs is confidential by statute given that it contains "information relating to" a detainee and is otherwise appropriately sealed given the sensitive information contained therein, including medical information about Plaintiffs. *See* 8 C.F.R. § 236.6; *Doe 1*, 2021 WL 5578790, at *9-10. The Parties have demonstrated that they have chosen the least restrictive alternatives that will afford adequate protection for both the Parties and non-parties, and sealing is accordingly appropriate.

## IV.   CONCLUSION

For these reasons, the Court finds that the Parties have shown good cause to maintain certain exhibits and portions of the briefing at issue **UNDER SEAL** such that it **GRANTS IN**

**PART and DENIES IN PART** Plaintiffs' Motion to Maintain Documents Under Seal, [dkt. 103], and **GRANTS** Defendant's Motion to Maintain Documents Under Seal, [dkt. 111]. The Clerk is directed to maintain **UNDER SEAL** the following documents:

- Dkt. 102-2 (Exhibit 3, Clay County Individual Records)
- Dkt. 102-3 (Exhibit 4, Email dated June 6, 2022)
- Dkt. 102-4 (Exhibit 6, Email dated Feb. 24, 2022)
- Dkt. 102-5 (Exhibit 7, Email dated Mar. 9, 2022)
- Dkt. 102-6 (Exhibit 8, Email dated Apr. 27, 2022)
- Dkt. 102-7 (Exhibit 9, Email dated June 21, 2022)
- Dkt. 102-11 (Exhibit 22, Clay County Justice Center Monthly ICE Detainee Housing Detailed Billing)
- Dkt. 102-13 (Exhibit 25, Baijebo Toe's Detailed Release Report)
- Dkt. 102-14 (Exhibit 26, Javier Jaimes Jaimes Detailed Release Report)
- Dkt. 102-15 (Exhibit 27, Maribel Xirum's Detailed Release Report)
- Dkt. 102-17 (Exhibit 31, Email dated May 3, 2022)
- Dkt. 102-18 (Exhibit 33, Request for Stay of Removal and Release of Baijebo Toe dated May 10, 2022)
- Dkt. 102-19 (Exhibit 35, Email dated May 8, 2022)
- Dkt. 102-20 (Exhibit 36, Detainee Visitation Log dated May 24, 2022)
- Dkt. 110 (Clay County's Memorandum in Opposition to Plaintiffs' Motion for Class Certification)
- Dkt. 110-1 (Exhibit 9, Toe Risk Assessment)
- Dkt. 110-2 (Exhibit 10, Jaimes Risk Assessment)

- Dkt. 110-3 (Exhibit 11, Xirum Risk Assessment)

The Court notes that minimally redacted versions of many of the sealed filings identified above are already available on the Court's docket. [Dkts. 105-2; 105-3; 105-4; 105-5; 105-6; 105-7; 105-8; 105-9; 105-10; 105-11; 105-12; 106-1; 106-2; 106-3; 109.]

The Clerk is directed to **UNSEAL** the following documents:

- Dkt. 102 (Plaintiffs' Unredacted Memorandum of Law in Support of Motion for Class Certification)
- Dkt. 102-1 (Exhibit 1, Clay County Justice Center Local ICE Detainee Handbook)
- Dkt. 102-8 (Exhibit 10, ICE Daily Count Clay Co. Indiana as of June 21, 2022)
- Dkt. 102-9 (Exhibit 11, ICE Policy 11022.1: Detainee Transfers)
- Dkt. 102-10 (Exhibit 12, ICE/DRO Detention Standard: Transfer of Detainees)
- Dkt. 102-12 (Exhibit 24, ICE First RFA Responses served on Jan. 23, 2023)
- Dkt. 102-16 (Exhibit 28, Letter dated Nov. 30, 2022)

**SO ORDERED.**

Date: 5/15/2023

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Counsel of record via CM/ECF