UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARIBEL XIRUM, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:22-cv-00801-TWP-KMB |
| ) | |
| U.S. IMMIGRATION AND CUSTOMS ) | |
| ENFORCEMENT (ICE), et al. ) | |
| ) | |
| Defendants. ) | |

## ORDER ON CLAY COUNTY DEFENDANTS' RENEWED MOTION TO STAY DISCOVERY

Presently pending before the Court is a Renewed Motion to Stay Discovery filed by the Clay County Defendants.[1] [Dkt. 136.] Plaintiffs Maribel Xirum, Javier Jaimes, and Baijebo Toe ("Plaintiffs") oppose the Clay County Defendants' discovery stay request, [dkt. 147], and the Clay County Defendants filed a reply brief in further support of it, [dkt. 156]. The Federal Defendants[2] have not officially joined the Clay County Defendants' Renewed Motion to Stay, but they have

---

[1] "Clay County Defendants" refers to Defendants Clay County, Indiana, Clay County Council, Clay County Sheriff's Office, Paul B. Harden (under the title of Clay County Sheriff), Jackie Mitchell (under the title of Clay County Council Member), Jason Britton (under the title of Clay County Council Member), Jason Thomas (under the title of Clay County Council Member), Larry J. Moss (under the title of Clay County Council Member), John Nicoson (under the title of Clay County Council Member), David Amerman (under the title of Clay County Council Member), Patricia Heffner (under the title of Clay County Council Member), Bryan Allender (under the title of Clay County Commissioner), Marty Heffner (under the title of Clay County Commissioner), Paul Sinders (under the title of President of the Clay County Board of Commissioner), Elizabeth Hughett (under the title of Clay County Sergeants and ICE Contract Coordinator), David Parker (under the title of Clay County Sergeants and ICE Contract Coordinator), Jase Glassburn (under the title of Clay County Sergeants and ICE Contract Coordinator), Jennifer M. Flatner (under the title of Clay County Auditor), and Debra James (under the title of Clay County Treasurer). [Dkt. 128 at 4 n.3.]

[2] "Federal Defendants" refers to Defendants U.S. Immigration and Customs Enforcement (ICE), U.S. Department of Homeland Security (DHS), Alejandro Mayorkas (under the title of Secretary of DHS), Tae Johnson (under the title of Acting Director of ICE), Monica S. Burke (under the title of ICE Acting Assistant Director of Custody Management), Ricardo A. Wong (under the title of ICE Deputy Assistant Director, Oversight Compliance and Acquisition Division), Sylvie Renda (under the title of Acting Field Office Director of the ICE Chicago Field Office), Travis Graham (under the title of ICE Officer), Angelina Ramos (under the title of ICE Officer), and Virginia Sutter (under the title of ICE Officer). [Dkt. 128 at 4 n.2.]

represented that they "consent to and agree with" the request. [Dkt. 138 at 16.] After reviewing the history of this case, the Parties' briefs on the issues, and the applicable standard, the Court hereby **GRANTS** the Clay County Defendants' request, [dkt. 136], and stays merits discovery on Plaintiffs' claims against the Clay County Defendants until there is a ruling on the Clay County Defendants' Motion to Dismiss, [dkt. 150].

## I.  RELEVANT BACKGROUND

To provide context for the Court's ruling on the pending motion, the Court will briefly summarize the Plaintiffs' current allegations against various Defendants as well as this case's procedural history. Nothing set forth herein constitutes findings by the Court; rather, this limited background simply provides context for the issues presented by the Parties in the pending motion.

Plaintiffs and proposed class members are noncitizens who were detained by U.S. Immigration and Customs Enforcement ("ICE") at the Clay County Jail in Brazil, Indiana (the "Jail"). [Dkt. 129 at 5.] Plaintiffs allege that they were detained by ICE at the Jail pursuant to an agreement (the "Agreement") between the U.S. Marshals Service, ICE, and Clay County. [Dkt. 129 at 5.] Plaintiffs claim that under the Agreement, ICE pays Clay County more than $1,000,000 per year to detain dozens of noncitizens and that by federal law, "the federal funds paid to the County must be used only for expenses related to the care of people detained by ICE at the Jail, including for basic necessities like sanitation, medical care, food, and personal hygiene." [Dkt. 129 at 6.] Plaintiffs' Amended Complaint alleges that Clay County is diverting the funds away from those expenses, such that "noncitizens like Plaintiffs suffer in grossly inadequate conditions at the Jail" as a result. [Dkt. 129 at 7.] Plaintiffs claim that ICE knows that Clay County is allegedly misappropriating detention payments. [Dkt. 129 at 6.]

2

Plaintiffs filed this case on April 25, 2022. [Dkt. at 1.] That same day, Plaintiffs filed a Motion to Certify Class. [Dkt. 3.] On July 15, 2023, the Clay County Defendants filed a Motion to Dismiss Plaintiffs' Complaint. [Dkt. 56.] That same day, the Clay County Defendants filed a Motion to Stay Discovery, Stay Class Certification Discovery, and Stay Class Certification Briefing. [Dkt. 58.] The Federal Defendants also filed a Motion to Dismiss Plaintiffs' Complaint, [dkt. 60], as well as a Notice of Consent to Motion to Stay, [dkt. 65].

The Defendants' stay request was fully briefed, and it was ultimately granted in part and denied in part by Magistrate Judge Debra McVicker Lynch, [dkt. 74], who was assigned to this case until her well-deserved retirement from the bench last fall, [dkt. 76]. Judge Lynch granted the Defendants' request to stay merits discovery for various reasons, including that if the Defendants' motions were granted in full, all of Plaintiffs' claims would be dismissed; that some of Plaintiffs' claims asserted a "somewhat novel theory" and a "novel approach;" and that it was not clear that the kinds of merits discovery Plaintiffs sought would be compromised by the passage of time because of Plaintiffs' knowledge of their own experiences, the contractual nature of the claims, and the financial records that should continue to exist. [Dkt. 74 at 8-10.] Judge Lynch did, however, deny the Defendants' stay request regarding class certification discovery and briefing because class certification "should be addressed as soon as possible . . . ." [Dkt. 74 at 10.] Accordingly, the Parties were permitted to engage in class certification related discovery, as long as it was proportional to the needs of the class certification issues.[3] [Dkt. 74 at 10-12.]

On March 29, 2023, the Court granted in part and denied in part the Defendants' Motions to Dismiss in a lengthy and detailed opinion. [Dkt. 116.] At a high level, the Court denied ICE's

---

[3] Plaintiffs objected to Judge Lynch's Order on the Motion to Stay Discovery and Class Certification Briefing, [dkt. 79]; however, Plaintiffs' objection was ultimately rendered moot with the consent of all Parties, [dkt. 124], after the Court ruled on the various motions to dismiss and the discovery stay expired on its own terms.

3

request to dismiss certain aspects of Count I but granted the pending motions regarding the remaining claims against the other Defendants. [Dkt. 116 at 45-46.] The Court allowed Plaintiffs thirty (30) days to file an amended complaint with respect to any viable claims against the Clay County Defendants, "if such claims exist." [Dkt. 116 at 45-46.] Plaintiffs received an extension of that deadline and ultimately filed their Amended Complaint on May 19, 2023. [Dkt. 129.]

Plaintiffs' Amended Complaint asserts six claims—specifically, it asserts four claims against the Federal Defendants stemming from various alleged violations of the Administrative Procedure Act ("APA") and two claims against the Clay County Defendants for allegedly violating their obligations to take care of detained noncitizens at the Jail and to use federal funds only for reasonable, allowable, and allocable costs related to the detention of noncitizens at the Jail. [Dkt. 129; *see also* dkt. 138 at 3-4 (Plaintiffs' Statement of Claims).] Plaintiffs seek declaratory and injunctive relief on behalf of a proposed class of noncitizens who are or will be detained by ICE at the Jail. [Dkt. 129; dkt. 138 at 2.]

The undersigned Magistrate Judge has now held two status conferences in this case, with a third one scheduled for next week. [Dkts. 124; 145; 157.] After the first conference, counsel was ordered to meet and confer and file a joint proposed case management plan. [Dkt. 124 at 1.] To the extent that counsel could not agree about any aspect of a proposed case management plan, they were instructed to include the basis for that disagreement along with each Party's position. [Dkt. 124 at 1.]

On June 14, 2023, the Clay County Defendants filed a Renewed Motion to Stay Discovery. [Dkt. 136.] The Parties filed their Joint Proposed Case Management Plan two days later, [dkt. 138], which the undersigned Magistrate Judge discussed with them at a status conference on June 21, 2023, [dkt. 145]. The Renewed Motion to Stay and the discussion at the status conference

made it clear that the Clay County Defendants would be filing another motion to dismiss and that Plaintiffs and the Clay County Defendants disagreed about whether merits discovery should be conducted while that motion remains pending. While the Federal Defendants have not officially joined the Clay County Defendants' Renewed Motion to Stay, they have represented that they consent to and agree with the request. [Dkt. 138 at 16.]

On June 30, 2023, the Clay County Defendants filed their Motion to Dismiss Plaintiffs' Amended Complaint. [Dkt. 150.] Plaintiffs oppose that motion, [dkt. 168], and the Clay County Defendants' reply brief is due on September 21, 2023, [dkt. 163]. The Parties are also currently briefing Plaintiffs' Renewed Motion to Certify Class, [dkt. 158], which Defendants oppose, [dkts. 166; 167], and that motion will be fully briefed by September 15, 2023, [dkt. 161].

The Federal Defendants have filed a Partial Motion to Dismiss as to Counts II, III, and IV of Plaintiffs' Amended Complaint. [Dkt. 152.] Plaintiffs oppose that motion, [dkt. 168], and the Federal Defendants' reply brief is due by September 21, 2023, [dkt. 163]. The Federal Defendants do not move to dismiss Count I of Plaintiffs' Amended Complaint, and pursuant to a prior agreement between Plaintiffs and the Federal Defendants, the Federal Defendants should have already produced the administrative record related to Count I. [Dkt. 127.]

## II.  LEGAL STANDARD

District courts have "extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). A stay of discovery may be ordered when good cause exists, and the party seeking the stay "bears the burden of proof to show that the Court should exercise its discretion in staying the case." *United States ex rel. Robinson v. Ind. Univ. Health, Inc.*, 2015 WL 3961221, at *1 (S.D. Ind. June 30, 2015). A court will evaluate three factors to determine if good cause for a stay exists: (1) "the prejudice or tactical disadvantage to the non-

moving party;" (2) "whether or not issues will be simplified . . . ;" and (3) "whether or not a stay will reduce the burden of litigation[.]" *Johnson v. Navient Solutions, Inc.*, 150 F. Supp. 3d 1005, 1007 (S.D. Ind. 2015). "Filing a motion to dismiss does not automatically stay discovery," and as a general matter, "a stay of discovery is warranted only when a party raises a potentially dispositive threshold issue such [as] standing, jurisdiction, or qualified immunity." *Red Barn Motors, Inc. v. Cox Enters., Inc.*, 2016 WL 1731328, at *2-3 (S.D. Ind. May 2, 2016).

### III.  ANALYSIS

The Court will briefly set forth the Parties' arguments related to the pending motion.  The Clay County Defendants renew their request to stay merits discovery on Plaintiffs' claims against them because they contend Plaintiffs' claims are weak, have previously been rejected, and no discovery is necessary to decide the pending dismissal motion. [Dkt. 136 at 3-6.] The Clay County Defendants contend that a stay will reduce the burden of litigation on the Parties, emphasizing that before the initial discovery stay was granted, Plaintiffs served the Clay County Defendants with twenty-six requests for production.  [Dkts. 136 at 7; 137-1.]  The Clay County Defendants argue that a stay will not unduly prejudice the Plaintiffs because "records on how a county spent money will be available after a motion to dismiss is decided, if any of [Plaintiffs'] claims are permitted to go forward."  [Dkt. 136 at 7.]

Plaintiffs oppose the Clay County Defendants' request to stay merits discovery, arguing that they are no longer making threshold arguments about Plaintiffs' standing to sue.  [Dkt. 147 at 1-2.]  Plaintiffs emphasize that courts disfavor discovery stays and that it is well-established that a stay should not be granted simply because a motion to dismiss is pending.  [Dkt. 147 at 5.] Plaintiffs contend that a stay would prejudice them even further by continuing to delay merits

discovery after more than a year of litigation, would not simplify the case, and would not reduce the burdens of litigation for various reasons. [Dkt. 147 at 5-7.]

In their reply, the Clay County Defendants point out that the Court has already dismissed all of Plaintiffs' claims against them and their renewed Motion to Dismiss asks it to do so again. [Dkt. 156 at 1.] They emphasize that they do contend that Plaintiffs do not have standing to bring the claims, [dkt. 156 at 3], and they emphasize that when Judge Lynch stayed merits discovery previously, she made the observation that it appeared that Plaintiffs intended to pursue "'an aggressive discovery effort.'" [Dkt. 156 at 10 (quoting dkt. 74 at 10).] The Clay County Defendants point out that they are funded by taxpayers, and they implore the Court to continue the stay of merits based discovery to reduce the burdens of litigation. [Dkt. 156 at 10.]

The Court reiterates that, in general, a stay of discovery is inappropriate simply because a motion to dismiss is pending. *See Red Barn Motors*, 2016 WL 1731328, at *3. After considering the procedural history of this case and the arguments raised by the Parties, however, the Court finds that good cause exists to stay merits based discovery on Plaintiffs' claims. The Clay County Defendants have met their burden of proof to show the Court that it should exercise its discretion in this manner. Specifically, the Clay County Defendants previously succeeded on a full motion to dismiss Plaintiffs' claims in this case, [dkt. 116], and they now seek to do so again, [dkt. 150]. Plaintiffs have already responded to that pending motion and never argued that merits discovery was necessary for it to do so. While the undersigned makes no predictions on the outcome of that dismissal motion, continuing the stay of merits discovery while that motion is pending will greatly simplify the issues for the Parties. The Court further finds that doing so will undoubtedly reduce the burden of litigation, given the breadth of the discovery requests that were previously served by Plaintiffs on the Clay County Defendants, [*see* dkt. 137-1 (Plaintiff's now withdrawn Requests for

Production)], as well as Judge Lynch's prior observation that it appeared Plaintiffs intended to pursue "an aggressive discovery effort[,]" [dkt. 74 at 10]. Finally, the undersigned also agrees with Judge Lynch's prior observation that it is not clear that the discovery stay sought would unduly prejudice Plaintiffs because it does not appear that the types of merits discovery they seek would be compromised by the passage of time since Plaintiffs have knowledge of their own experiences, there is a contractual nature to the claims, and any financial records should continue to exist. [Dkt. 74 at 8-10.]

While Plaintiffs would of course prefer that full merits discovery proceed, the Court finds that Plaintiffs' response brief downplays the significant progress that has been made in this case since it was initially filed. The Defendants' initial round of dismissal motions were fully briefed and ruled upon, with the Court issuing a detailed opinion that did allow one of Plaintiffs' claims to proceed against the Federal Defendants. [Dkt. 116.] Class certification discovery was allowed to proceed, despite Defendants' attempt to stay that as well.[4] Plaintiffs' Renewed Motion for Class Certification is now almost fully briefed, [dkt. 158], as are the second round of dismissal motions, [dkts. 150; 152]. And pursuant to an agreement between Plaintiffs and the Federal Defendants, the Federal Defendants should have already produced the administrative record related to that claim to the Plaintiffs. [Dkt. 127.] While this progress is undoubtedly slower than Plaintiffs would prefer, sometimes one must look for progress over perfection, and progress has certainly been made in this case.

For all of these reasons, the Court finds it appropriate to grant the Clay County Defendants' Renewed Motion to Stay Discovery, [dkt. 136], such that merits discovery on Plaintiffs' claims

---

[4] The Court is confused by Plaintiffs' arguments regarding apparent dissatisfaction with the Clay County Defendants' class certification discovery, [dkt. 147 at 11-12], given that Plaintiffs wanted class certification discovery to proceed and the Court allowed it over the Clay County Defendants' objection, [dkt. 74].

8

against the Clay County Defendants is stayed until there is a ruling by the Court on the Clay County Defendants' Motion to Dismiss, [dkt. 150].

## IV. CONCLUSION

For the reasons stated herein, the Court hereby **GRANTS** the Clay County Defendants' Renewed Motion to Stay Discovery, [dkt. 136], and **STAYS MERITS DISCOVERY** on Plaintiffs' claims against the Clay County Defendants until there is a ruling by the Court on the Clay County Defendants' Motion to Dismiss, [dkt. 150].

At the upcoming Telephonic Status Conference scheduled for September 20, 2023, counsel for the Federal Defendants must be prepared to confirm that the administrative record related to Count I of Plaintiffs' Amended Complaint has been produced. [Dkt. 127.]

**SO ORDERED.**

Date: 9/13/2023

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Counsel of record via CM/ECF