UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARIBEL XIRUM, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00801-TWP-KMB |
| | ) | |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE), et al., | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| MERRICK B. GARLAND, Zachary Myers, | ) ) | |
| | ) | |
| Miscellaneous. | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION TO MAINTAIN DOCUMENT UNDER SEAL**

Presently pending before the Court is the Plaintiffs' Motion to Maintain Documents under Seal. [Dkt. 184.] The documents at issue are the Plaintiffs' Memorandum of Law in support of their Motion to Compel Completion of the Administrative Record and the attached exhibits. [*See* dkts. 183, 183-1 to 183-6.] As explained below, the motion is **GRANTED** with respect to the Amended Administrative Record, [dkt. 183-2], and **DENIED** with respect to the Memorandum of Law and other attached exhibits, [dkts. 183, 183-1, 183-3 to 183-6].

**I.  LEGAL STANDARD**

When documents are used in a court proceeding to decide the merits of a party's claims, they are presumptively "open to public inspection unless they meet the definition of trade secret or other categories of bona fide long-term confidentiality." *Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009) (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)).

A showing of good cause is required to seal any portion of the record of a case from the public. *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999). "The court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d).

In the Southern District of Indiana, the filing of documents under seal is governed by Local Rule 5-11. This rule provides, in relevant part, that "[w]hen any of the confidential information in a document is irrelevant or immaterial to resolution of the matter at issue, the filing party may redact, by blacking out, the confidential information in lieu of filing under seal." S.D. Ind. Local Rule 5-11(c)(2).

## II. DISCUSSION

On February 6, 2024, the Plaintiffs filed their Motion to Compel Completion of the Administrative Record along with a Memorandum of Law and attached exhibits. Those exhibits, which the Plaintiffs filed under seal, include an Index of Exhibits, [dkt. 183-1], the Amended Administrative Record, [dkt. 183-2], and meet-and-confer letters between the attorneys, [dkt. 183-3 to 183-6]. The Plaintiffs state that they have redacted all references in the public version of their Memorandum of Law to the portions of the Amended Administrative Record that were marked "Confidential" by the Federal Defendants "[p]ending Defendants' response and this Court's ruling." [Dkt. 184 at ¶ 7.]

The Federal Defendants do not object to unsealing the Plaintiffs' Memorandum of Law, the Index of Exhibits, or the meet-and-confer letters. [Dkt. 185 at 1.] They do ask that the Amended Administrative Record remain under seal, and they have submitted a Redacted Amended Administrative Record, which redacts the following information: (1) the names and other

2

personally identifying information of noncitizen ICE detainees; (2) the names and contact information of ICE employees and/or Clay County Jail employees; and (3) confidential commercial information contained within ICE's contract with the Nakamoto Group—specifically per-unit and per-hour costs of line items in the contract. [Dkts. 185, 185-1.]

The Federal Defendants argue that none of the redacted information is material to the Plaintiffs' Motion to Compel and that redaction is supported by good cause. [Dkt. 185 at 3-5.] Specifically, they argue that personally identifying information of noncitizen detainees is confidential under 8 C.F.R. § 236.6, that personally identifying information of law enforcement officers is generally excluded from Freedom of Information Act ("FOIA") requests, and that confidential commercial information is generally excluded from FOIA requests. [*Id.* at 4-5.] According to the Federal Defendants, "[a]ll parties consent to the filing of the [Redacted Administrative Record] and consent to the unsealing of the documents for which Federal Defendants have authorized unsealing." [*Id.* at 2.] The Plaintiffs have not replied, and the time to do so has passed.

The Court agrees with the Parties that the redacted information is immaterial to the Plaintiffs' Motion to Compel and should remain sealed. Accordingly, the Plaintiffs' motion to maintain the Amended Administrative Record under seal is **GRANTED**. In light of the Parties' agreement that the Memorandum of Law and other exhibits may be unsealed, the Plaintiffs' motion with respect to those items is **DENIED** and those materials will be unsealed.

The Court concludes with an observation. Because the confidential information in the Amended Administrative Record is immaterial to the Plaintiffs' Motion to Compel, the Plaintiffs could have filed a redacted version of that record instead of moving to maintain the complete record under seal. *See* S.D. Ind. Local Rule 5-11(c)(2). That said, the Court is mindful that the

Plaintiffs were under a tight deadline to submit their Motion to Compel and that coordinating with the Defendants to create a redacted record may not have been feasible. [*See* dkt. 181.] The Court commends the Parties for ultimately achieving agreement on what should and should not be maintained under seal consistent with applicable confidentiality standards.

### III.  CONCLUSION

The Plaintiffs' Motion to Maintain Documents under Seal, [dkt. 184], is **GRANTED IN PART** and **DENIED IN PART**.

The **CLERK SHALL** unseal the Plaintiffs' Memorandum of Law, [dkt. 183], the Index of Exhibits, [dkt. 183-1], and the attorneys' meet-and-confer letters, [dkts. 183-3 to 183-6]. In light of the Parties' agreement that these filings be unsealed, the clerk shall unseal them immediately rather than waiting 21 days for a possible objection under Federal Rule of Civil Procedure 72(a). *See* Local Rule 5-11(g).

The Amended Administrative Record, [dkt. 183-2], remains **UNDER SEAL**. The Court notes that a redacted Amended Administrative Record is not under seal. [Dkt. 185-1.]

**So ORDERED**.

Date: 4/25/2024

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Electronic distribution to registered counsel of record via Court's CM/ECF system