UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARIBEL XIRUM,<br>JAVIER JAIMES JAIMES,<br>BAIJEBO TOE, | ) <br> ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | Case No. 1:22-cv-00801-TWP-KMB |
| U.S. IMMIGRATION AND CUSTOMS<br>ENFORCEMENT (ICE),<br>U.S. DEPARTMENT OF HOMELAND<br>SECURITY (DHS),<br>ALEJANDRO MAYORKAS under the title of<br>Secretary of DHS,<br>TAE JOHNSON under the title of Acting Director<br>of ICE,<br>MONICA S. BURKE under the title of ICE Acting<br>Assistant Director of Custody Management,<br>RICARDO A. WONG under the title of ICE<br>Deputy Assistant Director, Oversight Compliance<br>and Acquisition Division,<br>TRAVIS GRAHAM under the title of ICE Officer,<br>ANGELINA RAMOS under the title of ICE<br>Officer,<br>VIRGINIA SUTTER under the title of ICE Officer,<br>CLAY COUNTY, INDIANA,<br>CLAY COUNTY COUNCIL,<br>CLAY COUNTY SHERIFF'S OFFICE,<br>JACKIE MITCHELL under the title of Clay County<br>Council Member,<br>JASON BRITTON under the title of Clay County<br>Council Member,<br>JASON THOMAS under the title of Clay County<br>Council Member,<br>LARRY J. MOSS under the title of Clay County<br>Council Member,<br>JOHN NICOSON under the title of Clay County<br>Council Member,<br>DAVID AMERMAN under the title of Clay County<br>Council Member,<br>PATRICIA HEFFNER under the title of Clay<br>County Council Member, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |

BRYAN ALLENDER under the title of Clay                 )
County Commissioner,                                    )
MARTY HEFFNER under the title of Clay County           )
Commissioner,                                           )
PAUL SINDERS under the title of President of the       )
Clay County Board of Commissioner,                     )
ELIZABETH HUGHETT under the title of Clay              )
County Sergeants and ICE Contract Coordinator,         )
DAVID PARKER under the title of Clay County            )
Sergeants and ICE Contract Coordinator,                )
JASE GLASSBURN under the title of Clay County          )
Sergeants and ICE Contract Coordinator,                )
JENNIFER M. FLATER,                                     )
CLAY COUNTY BOARD OF                                    )
COMMISSIONERS,                                          )
BRISON SWEARINGEN,                                      )
PATTI FOXX, and                                         )
MIKE MELENDEZ.                                          )
                                                        )
                    Defendants.                         )

## ORDER ON CLAY COUNTY DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on a second Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by the twenty-one defendants who work for or otherwise represent Clay County, Indiana ("Clay County") (the "Clay County Defendants") (Filing No. 150). Plaintiffs Maribel Xirum, Javier Jaimes Jaimes, and Baijebo Toe (collectively, "Plaintiffs"), brought this class action against Clay County Defendants, Defendant U.S. Immigration and Customs Enforcement ("ICE"), and nine other federal government defendants (together with ICE, the "Federal Defendants") as non-citizens who are or were detained at the Clay County Jail in Brazil, Indiana (the "Jail") pursuant to an Intergovernmental Service Agreement (the "Agreement") between ICE and Clay County.  For the reasons explained below, the Clay County Defendants' Motion to Dismiss is **granted in part and denied in part.**

2

### I.    BACKGROUND

The following facts are not necessarily objectively true, but, as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Amended Complaint and draws all inferences in favor of the non-moving parties. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

Since the Court has already discussed at length the facts as alleged in the 89-page Amended Complaint, the Court refers the parties to the Court's recent Order on Federal Defendants' Motion to Dismiss in Part for a comprehensive factual background (*see* Filing No. 199 at 4–11), which it now incorporates as part of this Order. The recitation below summarizes the facts material to the instant motion and assumes familiarity with the Court's Order.

By way of summary, Plaintiffs initiated this putative class action challenging ICE's certification of the Jail as compliant with the Performance-Based National Detention Standards, ICE's authority to continue paying federal funds to Clay County for the detention of non-citizens, and Clay County's discretion to use the federal funds for purposes other than the care and safekeeping of non-citizens. Following the Court's Order on Defendants' first Motions to Dismiss (Filing No. 116), Plaintiffs filed an Amended Complaint, elaborating on their previous claims and again seeking declaratory and injunctive relief against both the Clay County Defendants and the Federal Defendants (Filing No. 129).

Thus far, the Court has granted in part and denied in part the Federal Defendants' motion to dismiss the amended complaint, dismissing with prejudice Count II, but maintaining Counts I, III, and IV (*see* Filing No. 199). The Clay County Defendants' Motion to Dismiss the Amended Complaint is ripe and ready for ruling.

## II.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633.

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007).  Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("[I]t is not enough to give a threadbare recitation of the elements of a claim without factual support").  The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.  Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

A party seeking dismissal under Rule 12(b)(6)'s requirement that the complaint state a claim upon which relief can be granted bears a heavy burden. *Figgs v. GEO Grp., Inc.*, No. 1:18-cv-89-TWP-MPB, 2019 WL 1428084, at *2 (S.D. Ind. Mar. 29, 2019).  After all, the purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of

the complaint, not the merits of the suit. *Triad Assocs., Inc. v. Chi. Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). Thus, a complaint should only be dismissed pursuant to Rule 12(b)(6) when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

### III.    DISCUSSION

Plaintiffs bring two claims against the Clay County Defendants under Count V: Indiana Uniform Declaratory Judgment Act, Ind. Code §§ 34-14-1-1 to -16, and Indiana Rule of Trial Procedure 57 (Clay County's Violations of State Law and the Jail's Policy for Noncitizens Detained by ICE) (Filing No. 129 ¶¶ 325–47), and Count VI: Indiana Uniform Declaratory Judgment Act, Ind. Code §§ 34-14-1-1 *et. seq*., and Indiana Rule of Trial Procedure 57 (Clay County's Violation of Federal Law Governing Detention Payments. *Id*. at ¶¶ 348–60. Plaintiffs seek declarations that Clay County Defendants have violated and continue to violate: 1) Plaintiffs' rights, status, and/or legal relations under Indiana law and the Clay County Jail ICE Handbook (the "Handbook") by failing to maintain adequate conditions at the Jail and "take care" of its detainees, *see id.* ¶ N; and 2) both 8 U.S.C. § 1103(a)(11)(A) and 2 C.F.R. Part 200, by misallocating ICE payments intended for the custody and care of Class members for other, unrelated County expenses and discretionary expenditures. *See id.* ¶ O.

Plaintiffs ask the Court to order the Clay County Defendants to maintain appropriate conditions at the Jail as required by Indiana law and the Handbook, and they seek an injunction prohibiting the use of federal detention funds by ICE for County expenses and discretionary expenditures unrelated to the care and custody of Class members. *See id.* ¶¶ P, Q.

Clay County Defendants respond that Counts V and VI should be dismissed because: (1) Plaintiffs do not have a private rights of action to bring either count (*see* Filing No. 151 at 5–22); (2) neither the Indiana Trial Rules nor the state's Uniform Declaratory Judgment Act apply in federal court and neither creates causes of action where one is otherwise absent (*see id.* at 22–25); and (3) the pair of counts are duplicative as to any named defendant parties besides the County itself and the Clay County Sheriff, who are the only real parties in interest (*see id.* at 25–27).  The Court will address each count in turn.

### 1.    Count V – Clay County Defendants' Violations of State Law and Jail Policy

Count V challenges Clay County Defendants' failure to meet their statutory obligations and the rights provided by the Handbook and alleges that Clay County Defendants repeatedly violated, and continue to violate, the rights of the detained noncitizens at the Jail (*see* Filing No. 129 ¶¶ 330, 338).  Plaintiffs argue they are entitled to a declaration of their rights, status, or other legal relations under Ind. Code § 36-2-13-5(a)(7) and the Handbook, and to further relief based on the foregoing declarations of rights, including injunctive relief.  *Id.* ¶¶ 345–347; *see also id.* ¶¶ 325–347.

Clay County responds that neither Indiana statutes nor the Handbook "expressly provide a private right of action, and therefore, a private right of action cannot be implied."  (Filing No. 151 at 7.)  It maintains that the statutory scheme at issue "prohibits detainee lawsuits to challenge jail inspections" and "contains an enforcement mechanism that does not involve detainee lawsuits." *Id.*

Determining whether a civil cause of action exists for an alleged breach of a statutory duty begins with an examination of legislative intent.  *City of Muncie v. Peters*, 709 N.E.2d 50, 56 (Ind. Ct. App. 1999), *trans. denied*.

> To determine whether the legislature intended to create a duty enforceable by private tort action, [courts] look first to see if the statute creates an express right of action.  Absent an express right provided in the statute, [courts] consider: (1)

whether the statute or ordinance was designed to protect particular individuals or the public in general and (2) whether it includes an independent enforcement mechanism.

*Kelly v. Indiana Bureau of Motor Vehicles*, 234 N.E.3d 222, 228 (Ind. Ct. App.), *aff'd on reh'g*, 238 N.E.3d 713 (Ind. Ct. App. 2024) (internal citations and quotations marks omitted) (quoting *Gresser v. Reliable Exterminators, Inc.*, 160 N.E.3d 184, 190 n.1 (Ind. Ct. App. 2020), *trans. denied*). A private party may enforce rights under a statute that is designed to protect particular individuals and does not contain an enforcement provision. *Id.* Whether a statute creates a private right of action is a question of law for the court. *Gresser*, 160 N.E.3d at 190 n.1 (quoting *Howard Regional Health System v. Gordon*, 952 N.E.2d 182, 187 (Ind. 2011)).

Ind. Code § 36-2-2-24(a) provides that the "executive shall establish and maintain a . . . county jail", while Ind. Code § 36-2-13-5(a)(7) provides that the "sheriff shall . . . take care of the county jail and the prisoners there".

Clay County Defendants are correct; the two statutes at issue do not create an express right of action. *See* Ind. Code § 36-2-2-24, Ind. Code § 36-2-13-5. However, the language of Ind. Code § 36-2-13-5 indicates an intent to protect particular individuals — the "prisoners" at the county jail. For such "prisoners", the statute provides the sheriff must "take care" of them. Indeed, courts have described the "take care" provision as a "statutory duty" to provide adequate care to people detained at the jail. *See, e.g.*, *Johnson v. Bender*, 369 N.E.2d 936, 939 (Ind. Ct. App. 1977) (in addressing a previously codified version of § 36-2-13-5, describing the Sheriff's obligation "to take reasonable precautions under the circumstances to preserve the life, health and safety of the prisoner"). Without any indication or argument by Clay County Defendants to the contrary, the Court finds the use of the term "prisoners" to contemplate all individuals detained in the Jail, such as Class members; after all, courts have previously applied the "take care" provision to other individuals confined on a full-time basis at such facilities. *E.g.*, *Wade v. Lain*, 2015 WL 6828851,

7

at *9 (N.D. Ind. Nov. 6, 2015) (finding a nondelegable statutory duty under Ind. Code § 36-2-13-5 owed by sheriff's department to pretrial detainee).

Furthermore, the statutory scheme of Ind. Code Chapters 36-2-2, entitled "County Executive", and 36-2-13, entitled "County Sheriff", do not contain an enforcement provision. Clay County Defendants argue that parts of Ind. Code Chapter 11-12-4, entitled "Standards, Rules, and Construction of County Jails" provides an enforcement mechanism that tasks the Indiana Department of Correction ("IDOC") with promulgating minimum standards for health and safety at county jails, and "provides for inspections . . . and a procedure if a jail is not complying with the state standards" (Filing No. 151 at 8 (citing Ind. Code § 11-12-4-2(a))).  "Specifically, if a county does not make sufficient progress on the sections [sic] issues, the DOC commissioner or the local sheriff can petition the county court for injunctive relief." *Id.* (citing Ind. Code § 11-12-4-2(b), (c)).

To whatever extent that Ind. Code Chapter 11-12-4 is an independent enforcement mechanism barring a private party from enforcing rights under Ind. Code § 36-2-2-24(a), the Court is not persuaded that the same chapter restricts a private right of action to enforce Ind. Code § 36-2-13-5(a)(7).  At a minimum, it would be an awkward set of circumstances if an 'enforcement' mechanism were to allow the person against which enforcement is desired (the county sheriff for failure to "take care"), *see* Ind. Code § 36-2-13-5(a)(7), to be handed the reins to do so.  *Compare* Ind. Code § 11-12-4-2(c) (permitting the county sheriff to bring a court action upon receipt of notice that the jail does not comply with standards adopted in Ind. Code § 11-12-4-1).

Accordingly, the Court finds that Plaintiffs have stated a statutory claim for which relief may be granted because Ind. Code § 36-2-13-5(a)(7) confers a private right of action.  The role that the Handbook will ultimately play in that claim going forward is unclear; though, at this stage,

the Court is satisfied by the Plaintiffs' explanation that it will serve as a "useful measure to assess the scope of [the] responsibility to 'take care'" (Filing No. 168 at 52).

At the motion to dismiss stage, Clay County Defendants face a "heavy burden". *Figgs*, 2019 WL 1428084, at *2. They have failed to overcome such a burden. They do not cite to any case convincing this Court that Plaintiffs lack a private right of action to bring suit for declaratory and injunctive relief under Ind. Code § 36-2-13-5(a)(7). Plaintiffs' argument that the court in *Tyson v. Grant County Sheriff* based its contradictory finding on a professed inability to locate cases involving the recovery of injunctive or declaratory relief pursuant the statute, *see* No. 1:07-cv-10, 2007 WL 1395563, at *8 (N.D. Ind. May 9, 2007), is well taken. The action for declaratory relief by a hospital against a county and sheriff in *Health & Hospital Corporation of Marion County v. Marion County* demonstrates that at least one other Indiana court has found that a non-sheriff party is able to seek declaratory relief under the statute in question. *See* 470 N.E.2d 1348, 1360 (Ind. Ct. App. 1984) ("[A]s between the Sheriff and Health and Hospital, it is the duty of the Sheriff to pay Health and Hospital for medical and hospital expenses incurred on behalf of prisoners"), *reh'g denied*, *trans. denied*. *See also St. Mary's Med. Ctr. of Evansville, Inc. v. Warrick Cnty. By & Through Bd. of Comm'rs of Warrick Cnty.*, 671 N.E.2d 929 (Ind. Ct. App. 1996) (reversing trial court's entry of declaratory judgment that hospital plaintiff was not entitled to have cost paid by), *trans. denied*. *Cf. Brewer v. Clinton Cnty. Sheriff's Off.*, 206 N.E.3d 1158 (Ind. Ct. App. 2023) (affirming grant of declaratory relief under § 36-2-13-5(a)(7) to Sheriff's Office).

The other cases upon which Clay County Defendants rely either involve Indiana statutes unrelated to Plaintiffs' claim, *see, e.g.*, *Adams v. ArvinMeritor, Inc.*, 48 N.E.3d 1 (Ind. Ct. App.) (discussing Ind. Code § 11-10-7-4), *rev'd and adopting dissent* 60 N.E.3d 1022 (Ind. 2016), or are subject to a countervailing provision in Indiana's Administrative Order and Procedures Act. *See,*

9

*e.g.*, *id.*; *Kimrey v. Donahue*, 861 N.E.2d 379 (Ind. Ct. App. 2007), *trans. denied*.  As such, the Court does not find them persuasive.

 In sum, Plaintiffs have a private right of action to bring Count V and this claim survives dismissal.

>   **2.    Count VI – Clay County Defendants' Violations of Federal Law Governing Detention Payments**

Count VI challenges alleged violations of federal law governing detention payments to Clay County Defendants.  Specifically, Plaintiffs argue Clay County Defendants violate known federal restrictions found within the Uniform Administrative Requirements ("UAR"), codified at 2 C.F.R. Part 200 (*see* Filing No. 129 ¶¶ 64, 353–55).  They maintain that Clay County, as a non-federal entity, is "responsible for complying with all requirements of the Federal award," including restrictions imposed by the UAR on the use of federal funds.  *Id.* ¶ 352 (quoting 2 C.F.R. § 200.300(b), citing 2 C.F.R. § 200.400(b) ("The non-Federal entity assumes responsibility for administering Federal funds in a manner consistent with underlying agreements, program objectives, and the terms and conditions of the Federal award.")).

Plaintiffs allege Clay County Defendants know about the relevant UAR restrictions and represent "that every dollar of federal funds would be used for 'actual, allowable, and allocable direct and indirect costs associated with the operation of the facility and that benefit federal prisoners.'"  *Id.* ¶ 355 (quoting USM-243: Cost Sheet for Detention Services, U.S. Marshals Service, https://tinyurl.com/4swbs294).  *See id.* ¶ 353 (quoting 2 C.F.R. § 200.400(g)), ¶ 354 (quoting 2 C.F.R. § 200.405(a)(1)).  ICE pays Clay County $55.00 per person per day to detain noncitizens at the Jail based on such representations — "[b]ut those representations and claimed costs are false" since "the County openly and consistently diverts federal funds paid by ICE to

County expenses and expenditures that are entirely unrelated to the detention of noncitizens at the Jail". *Id.* ¶¶ 355, 356. *See also* ¶¶ 358, 84 (alleging uses of ICE funds).

Plaintiffs contend they are entitled under the Indiana Uniform Declaratory Judgment Act and Indiana Rule of Trial Procedure 57 to a "declaration that, under the proper construction of the UAR and the Immigration and Nationality Act, the County's misuse of federal funds violates federal law" as well as further injunctive relief. *Id.* ¶ 360.

The Court agrees with Clay County Defendants regarding Count VI. Plaintiffs have not demonstrated a congressional intent to create the private right of action they seek. Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress. *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001).

> The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy. Statutory intent on this latter point is determinative. Without it, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter.

*Id.* at 286–87 (internal citations omitted).

The Court views this interpretive task similarly to the task concerning state law, but notes a slight difference. Indiana law is clear that "[a] private party may not usually enforce rights under a statute designed to protect the public in general and which contains an enforcement provision." *Howard Reg'l Health Sys. v. Gordon*, 952 N.E.2d 182, 187 (Ind. 2011). By the flip side of the coin, Indiana law permits private party enforcement of rights conferred by statutes the Court finds were designed to protect particular individuals (not the general public) and that do not contain any enforcement provision. *See Kelly*, 234 N.E.3d at 228.

Federal law requires the interpreting court to instead find the federal legislature's *affirmative* intent "to create . . . a private remedy" in favor of the party seeking its enforcement. *Sandoval*, 532 U.S. at 286. "[A] plaintiff suing under an implied right of action still must show

11

that the statute manifests an intent 'to create not just a private *right* but also a private *remedy*.'"

*Gonzaga Univ. v. Doe*, 536 U.S. 273, 284 (2002) (emphases in original) (quoting *Sandoval*, 532 U.S. at 286); *see also Virginia Bankshares, Inc. v. Sandberg*, 501 U.S. 1083, 1085 (1991) ("Any private right of action for violating a federal statute must ultimately rest on congressional intent to provide a private remedy").

The federal statute in question lacks the sort of rights-creating language needed to imply a private right of action and, more importantly, does not demonstrate a congressional intent to provide a private remedy.  8 U.S.C. § 1103(a)(11)(A) provides that the Attorney General,

> in support of persons in administrative detention in non-Federal institutions, is authorized . . . to make payments from funds appropriated for the administration and enforcement of the laws relating to immigration, naturalization, and alien registration for necessary clothing, medical care, necessary guard hire, and the housing, care, and security of persons detained . . . .

It is "immediately clear" that this law is "completely absent" of any "'rights-creating' language". *Sandoval*, 532 U.S. at 288 (internal quotations omitted).  The statute is focused on the "agencies that will do the regulating" and, on the whole, "phrased as [] directive[s] to federal agencies engaged in the distribution of public funds".  *Id.* at 289 (quoting *Universities Research Assn., Inc. v. Coutu*, 450 U.S. 754, 772 (1981)).  The Court finds that the same can be said of 18 U.S.C. § 4013(a), which "merely describes the authority of the Attorney General to support prisoners in non-federal institutions." *Dudley v. Kansas City Residential Reentry Ctr.*, No. 4:11-00218-CV-DGK, 2011 WL 6000259, at *2 (W.D. Mo. Nov. 30, 2011) (finding the plaintiff had no cause of action for damages under the statute).  Lastly, the appropriations act(s) mandating what has been referred to as the "Two Strikes Mandate" (*see* Filing No. 129 ¶¶ 104, 105 (citing, among others, the Consolidated Appropriations Act of 2023, 136 Stat. 4459, 4736 (Dec. 29, 2022)), fares no better.

12

The host of regulations that Plaintiffs cite are similarly unavailing since Plaintiffs have failed to demonstrate they are linked to a statute that confers a right. Even if regulations could create private rights of action, *see Sandoval*, 532 U.S. at 284 (noting it was "meaningless to talk about a separate cause of action to enforce the regulations apart from the statute"), the Court is confident the regulations cited in Count VI do not do so. The enforcement provision in 2 C.F.R. § 200.339, which provides remedies that the Federal awarding agency may impose on a non-Federal entity for its noncompliance with the "regulations or the terms and conditions of a Federal Award". This suggests, especially in the case of 2 C.F.R. § 200.300(b), that even the Office of Budget and Management did not intend detainees to enforce the regulations.

In conclusion, Plaintiffs do not have a private right of action to bring Count VI. Accordingly, the Court **grants** Clay County Defendants' motion to dismiss Count VI.

### 3.    Duplicative Claims

Finally, the Court addresses Clay County Defendants' request for dismissal on grounds that the claims are duplicative. Plaintiffs have named several individuals as defendants in their official capacity including the Clay County Sheriff (Swearingen) (*see* Filing No. 129 ¶ 57), the Clay County Auditor (Flater), *see id.* ¶ 59, the Clay County Treasurer (Foxx), *see id.* ¶ 60, as well as separately naming Clay County, the Clay County Council, the Clay County Board of Commissioners, the Jail, and the Clay County Sheriff's Office.

As Clay County Defendants have correctly noted, a claim against an individual in his official capacity is "in all respects other than name, to be treated as a suit against the entity . . . for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). Accordingly, because the Clay County Council, Clay County Board of Commissioners, and the Clay County Sheriff's Office were the real parties in interest under the claims brought within the Amended Complaint, the official-capacity claims against Defendants Mitchell, Britton, Thomas,

13

Moss, Nicoson, Amerman, Patricia Heffner, Marty Heffner, Allender, Sinders, Swearingen, Hughett, Parker, and Glassburn are redundant.  Therefore, the Court **dismisses** them as duplicative. *See Moreno-Avalos v. City of Hammond, Ind.*, No. 2:16-cv-172, 2017 WL 57850, at *2 (N.D. Ind. Jan. 4, 2017) ("If a plaintiff brings a suit against a government entity, any claim against an officer of that entity in his or her official capacity is redundant and should be dismissed.") (collecting cases).  Furthermore, the official capacity claims against Defendant Flater will proceed only as a claim against the Clay County Auditor.

At the same time, as the Clay County Defendants' own motion shows, at least some of the other county defendant parties play a role in the violations outlined in the surviving claim (*see generally* Filing No. 151 at 25–26 (citing various Indiana statutes)), and thus should not be dismissed.

The Indiana Declaratory Judgment Act provides: "[A]ll persons shall be made parties who have or claim any interest that would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."  Ind. Code § 34-14-1-11.  Since Count VI has been dismissed, but Count V remains, the claim shall proceed against the following Defendants: Clay County, the Clay County Council,[1] the Clay County Board of Commissioners, the Clay County Jail, the Clay County Sheriff's Office, and the Clay County Auditor.[2]

---

[1] The Clay County Council is charged with the exclusive "power of making appropriations", *Happy Valley LLC v. Madison Cnty. Bd. of Commissioners*, 133 N.E.3d 193, 198 (Ind. Ct. App. 2019), a necessary prerequisite to the expenditure of public money for purposes like maintaining the Jail.  *See* Ind. Code § 36-2-5-2(b) ("[M]oney may be paid out of the treasury only under an appropriation made by the fiscal body, except as otherwise provided by law.").

[2] The Court permits the action to proceed against the Clay County Auditor since the auditor is statutorily required to keep separate accounts for each item of appropriation, *see* Ind. Code § 36-2-9-13(a); disallowed from permitting an item of appropriation "to be drawn on for a purpose other than the specific purpose for which it was made", Ind. Code § 36-2-9-13(b); and, performs the "duties of clerk of the county executive," Ind. Code § 36-2-9-7(a), the same county executive who in turn must establish and maintain the Jail.  *See* Ind. Code § 36-2-2-24(a).

Moreover, since the Clay County Treasurer has no interests related to or affected by any such ultimate declaration, the Court **dismisses** Defendant Foxx.  Any forthcoming order that Clay County Defendants maintain adequate conditions at the Jail and "take care" of Class members detained therein would not affect, or relate to, any present or future interest held by the Clay County Treasurer, whose disbursal of money from the treasury is mandated by, and ultimately beholden to, the Clay County Auditor.[3]  *See* Ind. Code § 36-2-10-9 ("The treasurer shall receive money to which the county is entitled and shall disburse it *on warrants issued and attested by the county auditor*" (emphasis added)).

### IV.    CONCLUSION

A motion to dismiss pursuant to Rule 12(b)(6) does not test whether the plaintiff will prevail on the merits but instead whether the claimant has properly stated a claim.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  For the foregoing reasons, Clay County Defendants' Motion to Dismiss (Filing No. 150) is **GRANTED in part and DENIED in part**.  The Motion is **granted** as to Count VI, and Count VI is **DISMISSED with prejudice** because an amended complaint as to the accompanying requests for relief would be futile.[4]  The Motion is **denied** as to Count V. How this claim fares at summary judgment is a matter for another day; at this stage, however, the Court is satisfied that Count V survives dismissal.

---

[3] The Court is confident that at this stage of the proceedings, Count V may proceed under the Indiana Declaratory Judgment Act.  In observing that the Clay County Treasurer's interests would remain unaffected, the Court notes that money leaves the treasury only in the manner prescribed by law, *Shoemaker v. Bd. of Comm'rs of Grant Cnty.*, 36 Ind. 175, 184, 1871 WL 5002, at *4 (1871), which Ind. Code § 36-2-10-9 makes clear is not independently or on a free-wheeling basis, but limited to "warrants issued and attested by the county auditor".  Thus, any Clay County Treasurer interest in funding the maintenance of conditions at the Jail would at the very least be that of the Clay County Auditor, *see supra* note 3, or more properly the Clay County Council, who would originate the necessary appropriations in the first instance, *see supra* note 2.  Between these parties, however, the Court need not distinguish at this point.

[4] The Court is under no obligation to allow further amendments where doing so would be futile, as it would be here. *See Doermer v. Callen*, 847 F.3d 522, 528 (7th Cir. 2017).

The Court further **DISMISSES** from the action Defendants Mitchell, Britton, Thomas, Moss, Nicoson, Amerman, Patricia Heffner, Marty Heffner, Allender, Sinders, Swearingen, Hughett, Parker, Glassburn, and Foxx.  **The Clerk is directed** to terminate these Defendants on the docket.

    **SO ORDERED**.

Date:   9/27/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Benjamin N. Kelton
SIDLEY AUSTIN LLP
bkelton@sidley.com

Gina R. Bohannon
SIDLEY AUSTIN LLP
gbohannon@sidley.com

Jennifer Martin Wheeler
SIDLEY AUSTIN LLP
jwheeler@sidley.com

Keren Hart Zwick
NATIONAL IMMIGRANT JUSTICE CENTER
kzwick@immigrantjustice.org

Mark Feldman
NATIONAL IMMIGRANT JUSTICE CENTER
mfeldman@immigrantjustice.org

Mark Fleming
mfleming@immigrantjustice.org

Mary Georgevich
NATIONAL IMMIGRANT JUSTICE CENTER
mgeorgevich@immigrantjustice.org

Robert N. Hochman
SIDLEY AUSTIN LLP
rhochman@sidley.com

John Skakun, III
SIDLEY AUSTIN LLP
jskakun@sidley.com

Ross McNeill Slaughter
DOJ-Civ
ross.m.slaughter@usdoj.gov

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov

Taisa M. Goodnature
DOJ-Civ
taisa.m.goodnature@usdoj.gov

Yoseph T Desta
DOJ-Civ
yoseph.t.desta@usdoj.gov

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
amcneil@boselaw.com

Bradley M. Dick
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
bdick@boselaw.com

Jacob Antrim
BOSE MCKINNEY & EVANS LLP
jantrim@boselaw.com

Stephen C. Unger
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
sunger@boselaw.com